IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELSIE COLÓN,

Plaintiff

v.

JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE,

Defendant

CIVIL 04-1471 (SEC)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to dismiss, or in the alternative for summary judgment, filed by defendant John E. Potter, Postmaster General of the United States Postal Service (hereinafter "USPS") on September 21, 2004. (Docket No. 11.) Plaintiff Elsie Colón (hereinafter "Colon") filed an opposition on October 19, 2004. (Docket No. 20.) USPS countered with a reply brief filed on October 26, 2004. (Docket No. 21.) This case was referred to me for a report and recommendation on June 3, 2005. (Docket No. 26.)

Plaintiff Colón's complaint, filed on May 19, 2004, alleges two causes of action and seeks damages for alleged violations under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.; and the Postal Service Act, 39 U.S.C. § 101 et seq., as amended. Colón's first cause of action is based on USPS' alleged retaliatory practices against Colón due to her filing of EEOC (Equal Employment Opportunity) complaints against USPS. Colon's second cause of action alleges

CIVIL 04-1471 (SEC)                              2

discrimination on the basis of physical disability and harassment. USPS' motion to dismiss, or in the alternative for summary judgment, is directed at the complaint in its entirety.

Having considered the arguments of the parties, the evidence in the record, and the applicable law, it is my recommendation that defendant's motion to dismiss be GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Colón has been an employee for USPS as a window clerk in the Yabucoa postal station in Puerto Rico since 1996. At all times relevant to the facts alleged in the complaint, Colon's direct supervisor, Mr. Laureano De Jesus (hereinafter "De Jesus"), was an employee of USPS. Colón began requesting light duty due to a physical condition related to her back in April, 2000. The following month Colón visited two physicians, one of which was a USPS doctor who determined that Colón's physical condition presented limitations that represented a moderate risk. The other doctor, Dr. Melba Sotomayor, determined that Colón's condition was directly related to her occupation, and that heavy carrying and lifting would exacerbate an already herniated disc. At the request of the USPS, both doctors' reports were submitted to the USPS. Colón alleges that upon serving such reports on De Jesus, a series of physically discriminatory and retaliatory acts ensued. In response, Colón filed EEO complaints 4A-006-0068-00, 4A-006-0023-02,

CIVIL 04-1471 (SEC)                    3

and 4A-006-005-03.[1]  In these complaints, Colón alleged physical disability discrimination, physical disability discrimination and retaliation, and physical disability discrimination and retaliation, respectively.  It is these three complaints that form the basis of the instant lawsuit.

EEO complaint 4A-006-0005-03 was denied for failure to state a claim, and a subsequent appeal was affirmed by the Office of Federal Operations (OFO) of the EEOC (Equal Employment Opportunity Commission) on September 9th, 2003, notice of which Colón is presumed to have received five days later.

Under Title VII, Colón then had ninety days, upon receipt of notice of a final action taken by the EEOC, to file a civil action in the appropriate United States District Court.  42 U.S.C. § 2000e-16(c)  Within ninety days, on December 5, 2003, Colon filed civil action 03-2301 in the District Court of Puerto Rico.  On May 12, 2004, that case was ultimately dismissed without prejudice because Colón had failed to show cause as to why her case should not be dismissed for failing to properly serve the summons and complaint upon the United States pursuant to Fed. R. Civ. P. Rule 4(i)(1)(A).  Colón did not appeal that dismissal.  Instead, on May 21, 2004, Colón re-filed the instant civil action alleging the same facts and theories as her first lawsuit.   There is no dispute that the instant action was filed more than the ninety days after she received the OFO's September 15, 2003 decision.

---

[1] Colón subsequently filed EEO complaints 4A-006-0074-03 and 4A-006-0059-04, neither of which form the basis of this case.  Thus, any recommendation by this court does not apply to such complaints.

CIVIL 04-1471 (SEC)                         4

As a result, USPS filed a motion to dismiss, or in the alternative summary judgment (Docket No. 11), claiming that Colón's failure to file her civil action within the ninety day period stemmed from her own failure to act diligently, and not from anything the USPS did that would merit equitable tolling of the ninety day window Colón had to file a civil action.

Thereafter, Colón filed an opposition (Docket No. 18), claiming that USPS' motion only applied to facts and allegations of this civil action based on EEO complaint 4A-006-0005-03, because 4A-006-0023-02 and 4A-006-0068-00 were never "finally resolved" by the USPS. These two complaints were ultimately withdrawn because settlement agreements were reached. But USPS allegedly breached such settlements, and on May 19th, 2003, Colón received a letter from the Carribean District of the USPS stating that a meeting would occur to discuss the alleged breach. This meeting never took place. In essence, Colón argues that the ninety day window to file a civil action does not apply because there was never a "final decision" rendered with respect to those two EEO complaints. No appeal was ever filed with regard to these two complaints.

With regard to 4A-006-0005-03, the complaint in which a "final decision" was reached, Colón argues that the ninety-day window to file a civil action should be equitably tolled in Colón's favor. Colón argues that Mrs. Sandra Moya (hereinafter "Moya"), Labor Relations Specialist at the General Post Office, misrepresented that she was the person in charge of accepting service and that she would notify copy of

CIVIL 04-1471 (SEC)                    5

the summons and complaint to the U.S. Attorney for the District of Puerto Rico, as required under Fed. R. Civ. P. Rule 4(i)(1)(A). Thus, Colon argues inter alia, that such affirmative misconduct by Mrs. Moya, an agent of USPS, along with Colon's due diligence in pursuance of her rights, merit the equitable tolling of the ninety-day time limit because the circumstances that caused Colón to miss the filing deadline were out of her hands. Plaintiff cites several cases in support os said contention.

In USPS' response (Docket No. 21), they argue that Colón's failure to properly serve the U.S. Attorney's office cannot be excused by USPS' conduct because Rule 4(i)(1)(A) explicitly states that the Plaintiff must serve the U.S. Attorney's office with a copy of the summons and complaint. In essence, USPS is arguing that Colón cannot use as an affirmative defense the failure of the USPS to fulfill a promise to effectuate service, when such responsibility clearly lies on the shoulders of the plaintiff. As such, USPS claims that any civil action stemming from 4A–006-0005-03 should be dismissed.

With regard to the inapplicability of the ninety-day time limit to EEO complaints 4A-006-0023-02 and 4A-006-0068-00, USPS argues that Colón's breach of settlement claims should be dismissed because she has failed to exhaust them administratively. USPS relies on 29 C.F.R. § 1614.504, which states that any alleged non-compliance with settlement agreements must be made in writing by the complainant to the EEO director, and if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the

CIVIL 04-1471 (SEC)                                    6

Commission for a determination as to whether the Agency has complied with the terms of the settlement agreement. USPS argues that because Colón did not appeal to the EEOC when the Postal Service failed to comply with the EEO settlement agreements, any civil action corresponding to these settlement claims should be dismissed as premature as she failed to exhaust them administratively. As such, pursuant to the law of this jurisdiction, USPS argues that any civil action based on these two EEO complaints should be dismissed as premature.

## II.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a case if the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). To the contrary, what the court must presume is that federal jurisdiction is lacking until otherwise established. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden is on the party asserting federal jurisdiction to demonstrate that such jurisdiction exists. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996) (citing Murphy v. United States, 45, F.3d 520, 522 (1st Cir. 1995)). The complaint must be construed liberally, treating the well pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. Viqueira v. First Bank, 140 F.3d at 16 (citing Royal v. Leading Edge Prods., Inc., 833 F.32d 1, 1 (1st Cir. 1987)).

CIVIL 04-1471 (SEC)                             7

### III.  DISCUSSION

A.  <u>Equitable Tolling</u>

Plaintiff's ninety-day window to file a civil action based on EEO 4A–006-0005-03 should not be equitably tolled. With regard to 4A-006-0005-03, the central issue is whether the ninety-day window Colón had to file a civil action should be equitably tolled. Title VII provides that "[w]ithin ninety-days of receipt of notice of final action taken by the Equal Employment Opportunity Commission upon an appeal from a decision by [an] agency...an employee...aggrieved by the final disposition of his complaint...may file a civil action..." 42 U.S.C. § 2000e-16(c).  This ninety-day window is not a jurisdictional prerequisite to file a lawsuit in federal court; rather it is the functional equivalent of a statute of limitations, subject to waiver, estoppel, and equitable tolling. <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982); <u>see also</u> <u>Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino</u>, 410 F.3d 41, 46 n. 6 (1st Cir. 2005); <u>Sharpe v. Cureton</u>, 319 F.3d 259, 268 (6th Cir. 2003).

Equitable tolling preserves a plaintiff's claims when a strict application of the statute of limitations would be inequitable. <u>Burnett v. New York Central R.R. Co.</u>, 380 U.S. 424, 428 (1965); <u>Gibson v. Am. Bankers Ins. Co.</u>, 289 F.3d 946, 957 (6th Cir. 2002); <u>Ruffino v. State Street Bank and Trust Co.</u>, 908 F. Supp. 1019, 1041 (D. Mass. 1995)(citing <u>Kale v. Combined Ins. Co.</u>, 861 F.2d 746, 752 (1st Cir. 1988)). The Supreme Court has provided much guidance as to what types of cases merit equitable tolling. They include: (1) instances where claimant received inadequate

CIVIL 04-1471 (SEC)                             8

notice; (2) where the court has led the plaintiff to believe that she had done everything required of her; (3) and instances where affirmative misconduct on the part of the defendant lulled the plaintiff into inaction. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Ramos v. Roman, 83 F. Supp. 2d 233, 242 (D.P.R. 2000).

The First Circuit typically employs a five factor test to determine whether the doctrine of equitable tolling should apply: "(1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." Kale, 861 F.2d at 752 (citing Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).

However, these factors are not exhaustive and there exists no bright line rule as to what merits equitable tolling; case specific factors must be considered. Id. at 753 n. 9. Generally, the First Circuit has held that equitable tolling is "appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." Gonzalez v. United States, 284 F.3d 281, 291 (1st Cir. 2002)(citing Salois v. Dime Sav. Bank, 12 F.3d 20, 25 (1st Cir. 1997)).

In addition to these factors, the First Circuit has held that "[t]raditional equitable principles preclude a court from invoking equitable tolling...when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." Lambert v. United States, 44 F.3d 296,

CIVIL 04-1471 (SEC)                                  9

299 (1st Cir. 1995)(citing Justice v. United States, 6 F.3d 1474, 1480 (11th Cir. 1993)). In Justice, the Eleventh Circuit held that equitable tolling did not apply to plaintiff's second lawsuit because plaintiff had several legal avenues after the dismissal of his original action such as filing a motion for reconsideration, a motion for relief from judgment, or an appeal. Justice v. United States, 6 F.3d at 1481. Indeed, the "right to appeal generally is regarded an adequate legal remedy which forecloses equitable relief." Id.  Morever, courts in the First Circuit "hew to a 'narrow view' of equitable exceptions to Title VII limitations periods." Rys v. U.S. Postal Serv., 886 F.2d 443, 446 (1st Cir. 1989)(citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989)).

In the case at bar, the statutory period for Colón to file her administrative discrimination charge against USPS should not be equitably tolled because (1) no affirmative misconduct by the defendant that lulled plaintiff into inaction; (2) plaintiff did not exercise reasonable diligence in the pursuance of her rights; (3) and any absence of prejudice to the defendant, in itself, is insufficient to merit equitable tolling.

1. Affirmative Misconduct

Affirmative misconduct exists when, through the defendant's conduct, he lulls the plaintiff into inaction. Baldwin, 466 U.S. at 151; see also Ramos, 83 F. Supp. 2d at 242; Diaz v. Antilles Conversion & Export, Inc., 62 F. Supp.2d 463, 467 (D.P.R. 1999).  For example, if the defendant failed to post required EEOC notices of the

CIVIL 04-1471 (SEC)                              10

plaintiff's rights, such misconduct would support equitable tolling. <u>Kale</u>, 861 F.2d at 753. In <u>Leite v. Kennecott</u>, the First Circuit found that a misrepresentation by the EEOC to a claimant that the limitations period was "no problem" and would be "extended" - "present[ed] a situation in which equitable tolling typically has been invoked." <u>Leite v. Kennecott</u>, 558 F. Supp 1170, 1173 (D. Mass. 1983). This also includes instances when one pretends to be the defendant, and deceives the plaintiff into thinking that her complaint had been properly served on the defendant, so as to run the statute of limitations. <u>Eddinger v. Wright</u>, 904 F. Supp 932, 936 (E.D. Ar. 1995). None of the circumstances in this case are analogous to such situations in which affirmative misconduct was found.

In the present case, Colón alleges affirmative misconduct by the USPS occurred when Moya, a Labor Relations Specialist with defendant USPS, "misrepresented" herself by "promising" to effectuate service to the U.S. Attorney's office on behalf of the plaintiff. (Docket No. 20.) Not only has Colón failed to provide any evidence to this effect, but even if Moya made such a promise to effectuate service, Moya's failure to do so does not rise to the level of "affirmative misconduct on the defendant" to merit equitable tolling. Rule 4(i)(1)(A) is unambiguous:

> "Service upon the United States shall be effected by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney...or by sending a copy of the summons and of the complaint by registered or certified mail..."

CIVIL 04-1471 (SEC)                               11

Fed. R. Civ. P. 4(i)(1)(A). Colón did not attempt to effectuate service through any of these means. Instead, Colón provided a copy of the summons and complaint to the defendant, in hope that USPS would fulfill an obligation that was clearly delegated to her. Here, Colón argues that when Moya failed to effectuate service on behalf of Colón, USPS had jeopardized her rights. Colón, however, jeopardized her own rights by trusting an adversarial party to fulfill a crucial obligation. In essence, Colón was not misled by USPS of her rights, rather, she was misled into thinking that USPS would effectuate service on Colón's behalf.

The facts and arguments in this case are similar to those presented in Benitez-Pons v. Commonwealth of Puerto Rico. There, the plaintiff argued that equitable tolling was appropriate because the defendant misled him regarding the tolling of the statute of limitations under the Puerto Rico Uniform Administrative Procedure Act. Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 62 (1st Cir. 1998). In that case, the court held that equitable tolling did not apply because the "plaintiff had notice of the statute governing the time limitations but relied on the agency's summation of the law." Id. The fact that plaintiff had constructive notice of the filing requirement, was represented by counsel, and had access to the Puerto Rico Uniform Administrative Act bolstered the court's finding. Likewise, in the instant case, Colón had constructive knowledge of the service requirements, was represented by counsel, and had access to Fed. Rules Civ. P Rule 4(i)(1)(A) which clearly stated that Colón had to properly serve the U.S. Attorney.

CIVIL 04-1471 (SEC)                              12

Colón relies on Kelley v. NLRB, which held that equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing dealing are out of his hands. Kelley v. NLRB, 79 F.3d 1238, 1248 (1st Cir. 1996). Colón argues that her situation falls under the circumstances set forth in Kelley because Moya's promise to effectuate service left Colón's ability to comply with Rule 4(i)(1)(A) completely out of her control. In Kelley, plaintiff argued that the defendant erroneously instructed her not to serve the charging party with a copy of the charge, when in reality, the responsibility was the plaintiff's. Id. at 1249. In that case, the court rejected the plaintiff's argument and refused to equitably toll the statute of limitations because the plaintiff had constructive knowledge of her filing and service requirements. Id. In rejecting the plaintiff's equitable tolling argument, the court held that although the defendant's information was "incomplete and perhaps misleading," the delay in service could not "be wholly attributed to an error on the part of the [NLRB]." Benitez-Pons, 136 F.3d at 62 (quoting Kelley, 79 F.3d at 1249). Likewise, in the present case, Colón cannot claim that the ability to effectuate service was completely out of her hands because she had actual knowledge that it was her obligation to effectuate service upon the U.S. Attorney. Assuming, arguendo, that Moya had been at the U.S. Attorney's office and posed as their agent, equitable tolling would apply - but that simply was not the case here.

CIVIL 04-1471 (SEC) 13

2. Due Diligence

Colón argues in the alternative that the ninety-day window to file a civil action should be equitably tolled because she exercised due diligence in the pursuance of her rights. Equitable tolling, however, is not warranted where the claimant simply failed to exercise due diligence in preserving his legal rights. Trenkler v. U.S., 268 F.3d 16, 25 (1st Cir. 2001) (quoting Irwin v. Dep't of Veterans Affairs, 489 U.S. 89, 96 (1990)); see also Wilson v. United States, 23 F.3d 559, 562 (1st Cir. 1994) (finding that equitable tolling did not extend to a party that simply failed to exercise his or her rights).

Due diligence is typically a matter of fact to be determined by a jury. But even if we accept all the facts in a light most favorable to Colón, nothing in the record supports the conclusion that she exercised reasonable diligence as a matter of law. Sleeper v. Kidder, Peabody & Co., 480 F. Supp 1264, 1265 (D. Mass. 1979) (finding that although the issue of reasonable diligence is factually based, it may be determined as a matter of law when the underlying facts are admitted or established without dispute); see also Salois, 128 F.3d at 26.

In Benitez-Pons, the court found that the Plaintiff was not diligent in pursuing his rights because the Plaintiff's reliance on Defendant's summation of the law was unreasonable, given that the Plaintiff had constructive knowledge of the Puerto Rico Uniform Administrative Act. 136 F.3d at 54. Likewise, in the present case, Colón had actual knowledge, or at the very least, constructive knowledge that Fed. R. Civ.

CIVIL 04-1471 (SEC)                             14

P. Rule 4(i)(1)(A) states that service must be provided to the U.S. Attorney's office. Colón had the opportunity to deliver a copy of the summons and complaint to them, but instead chose to deliver it to USPS, hoping that they would fulfill a promise to deliver it to the U.S. Attorney. Indeed, the "general rule is that 'those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law.'" Kelley, 79 F.3d at 1249 (quoting Heckler v. Cmty. Health Servs., 467 U.S. 51, 63 (1984)).

Other than Colón's mere assertion that she diligently pursued her rights throughout this entire process, which is contained in her opposition (Docket No. 20), Colón has failed to provide any evidence to support such allegation. Here, Colón had ample opportunity to verify if such a promise was ever fulfilled, given that the USPS is an adversarial party to whom she was filing a lawsuit against. Yet no evidence of a phone call, or any inquiry for that matter, was ever provided to this court.[2]

Colon's sole argument, contained in the opposition, is that she filed her previous complaint well within the ninety-day window. (Docket No. 20.) This argument, however, only pertains to the filing of her prior lawsuit, and does not even touch upon the failure of Colón to properly service the U.S. Attorney. Indeed,

---

[2] Because plaintiff Colón failed to provide any documentary evidence to support her assertion that she exercised "due diligence" in the pursuance of her rights, I need not consider defendant's motion for summary judgment in the alternative, nor plaintiff's motion for summary judgment in the alternative.

CIVIL 04-1471 (SEC)                               15

the First Circuit has held that the doctrine of equitable tolling applies when a plaintiff, "in the exercise of reasonable diligence, could not have discovered information essential to the suit," suggesting that due diligence applies not just to filing requirements, but service requirements as well.  Gonzalez, 284 F.3d at 291 (citing Bernier v. Upjohn Co., 144 F.3d 178, 180 (1st Cir. 1998)).  Here, it was plaintiff's own culpability that attributed to the dismissal of her prior lawsuit. Nothing precluded Colón from complying with Rule 4(i)(1)(A), and she was free at every moment to contact the U.S. Attorney's office to see if service had been effectuated. Additionally, Colón has not provided this court with any evidence, other than her own conclusory statement, to show that Moya had even made any promises to Colón.  The First Circuit has been clear that the "burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff." Bravo-Perazza v. Puerto Rico, 218 F. Supp. 2d 176, 179 (D.P.R. 2002)(citations omitted); see also I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc., 182 F.3d 51, 54 (1st Cir. 1999). Clearly, Plaintiff has failed to meet this burden.

But even if such evidence was provided, I do not agree that the failure of Colón to comply with Rule 4(i)(1)(A) can be wholly attributed to error on part of USPS. Indeed, in Colón's prior case, the judge dismissed her lawsuit for failure to establish good cause.  (Civil No. 03-2301, Docket No. 7)

CIVIL 04-1471 (SEC)                                16

### 3. Absence of Prejudice

Finally, Colón argues that there is an absence of prejudice on USPS if this court were to equitably toll the ninety-day time limit. Colón has provided no reasoning to this effect. Even if this court was to assume that an equitable tolling of the statute of limitations would not prejudice USPS, such absence of prejudice does not, in itself, automatically excuse Colón's failure to properly service the U.S. Attorney's office. Indeed, the Supreme Court has held that "absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine...." Baldwin, 466 U.S. at 152; see also Kelley, 79 F.3d at 1250; Benitez-Pons, 136 F.3d at 63 (finding that lack of prejudice alone is not an adequate basis for invoking equitable tolling); Velez v. Roche Products Inc., 971 F. Supp 56, 59 (D.P.R. 1997) ("The fact that a defendant may not have been prejudiced by an untimely filing is irrelevant in the absence of a separate independent factor justifying equitable tolling). Here, this court has already determined that no affirmative misconduct by USPS occurred, and Colon did not diligently pursue her rights with regard to her service requirements. Thus, any civil action based on 4A-006-0005-03 should be dismissed with prejudice because they are time barred and not subject to equitable tolling.

CIVIL 04-1471 (SEC)                           17

### B. Exhausting Administrative Remedies

Plaintiff is barred from filing a civil action based on EEO 4A-0068-00 and 4A-006-0023-02 because she has failed to exhaust such claims administratively. Before bringing a Title VII complaint in federal court, a federal employee must first exhaust his administrtive remedies. See Brown v. General Services Admin., 425 U.S. 820, 832-33 (1976); Morales v. Mineta, 220 F.Supp.2d 88, 91 (D.P.R. 2002); Colon v. Fed. Deposit Ins. Corp., 723 F.Supp 842, 846 (D.P.R. 1989). "Failure to exhaust administrative remedies "bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of a suit." Lebron-Rios v. U.S. Marshal Service, 341 F.3d 7, 14 (D.P.R. 2003); Vizier v. Univ. of Puerto Rico, 323 F. Supp.2d 256, 262 (D.P.R. 2004) (citing Bonilla v. Muebles J.J. Alvarez Inc., 194 F.3d 275, 278 (1st Cir. 1999)). Thus, an individual who alleges discrimination under Title VII must first file an administrative complaint with the EEOC within 180 days of the alleged violation. See 42 U.S.C. §§ 2000e-15(c)(1), 16. Not until the EEOC has dismissed the administrative complaint, or has failed to bring a civil action within 180 days of the original EEOC complaint, can an employee file a civil action against her employer. Id. at 2000e-5(f)(1). It is thus apparent that "[j]udicial recourse under Title VIII...is not a remedy of first resort." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005) (citing Morales-Vallellanes v. Potter, 339, F.3d 9, 18 (1st Cir. 2003)). Whether an employee has exhausted all her administrative remedies is dependant on a timely filing of a

CIVIL 04-1471 (SEC)                        18

charge with the requisite administrative agency and the receipt of a right-to-sue letter from that agency.  Id.; see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); McKinnon v. Kwong Wah Rest., 83 F.3d 498, 504 (1st Cir. 1996).

In the present case, while Colón filed timely charges with the EEOC, she did not receive a right-to-sue letter.  Here, the resulting settlement agreements that ultimately emerged from EEO complaints 4A-006-00230-02 and 4A-006-0068-00 were breached, and meetings to discuss such breaches never materialized.  Colón never made an attempt to resolve the EEOC's inaction.  29 C.F.R. § 1614.504(b), which governs settlements of discrimination claims, explicitly states that if "the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the Agency has complied with the terms of the settlement agreement..."  Colón made no such appeal.

As in Jorge, Colón's failure to exhaust her administrative remedies with regard to these two claims "effectively bar[red] the courthouse door." 404 F.3d at 564.  Colón concedes in her opposition to USPS' motion to dismiss that no final decision was ever reached with regard to EEO complaints 4A-006-00230-02 and 4A-006-0068-00.  (Docket No. 20)  Indeed, this was the basis of Colón's opposition - that the ninety-day window to file a civil action did not apply to these two EEO complaints because a final decision was never made.

CIVIL 04-1471 (SEC)                              19

Even if Colón had exhausted these EEO claims administratively, the ninety-day window to file the instant action had already expired. And for the same reasons EEO 4A-006-0005-03 should not be equitably tolled, these two claims should not be equitably tolled as well because all three EEO complaints were filed together under one civil action in the prior lawsuit. Therefore, any civil action stemming from 4A-006-00230-02 and 4A-006-0068-00 should be dismissed without prejudice because they are premature.

## VI. CONCLUSION

Because Colón's instant civil action was filed more than ninety-days after the final decision of EEO 4A–006-0005-03, and because Colon failed to administratively exhaust EEO complaints 4A-006-0023-02 and 4A-006-0068-00, It is my recommendation that USPS' "Motion to Dismiss" (Docket No. 11) be GRANTED in its entirety. Any civil action stemming from 4A-006-0005-03 should be dismissed with prejudice because it is time-barred and not subject to equitable tolling as a matter of law, and any civil action stemming from 4A-006-0023-02 and 4A-006-0068-00 should be dismissed without prejudice because they are premature.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis

CIVIL 04-1471 (SEC)                    20

for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

     At San Juan, Puerto Rico, this 11th day of July, 2005.


                                                  S/ JUSTO ARENAS
                                Chief United States Magistrate Judge